IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISANNE HASKEW,

       Plaintiff,

vs.                                        1:19-cv-00732-JAP-LF

SOUTHWEST AIRLINES CO. and
IAM AIR TRANSPORT DISTRICT 142,
a/k/a DISTRICT LODGE 142 OF THE
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS AFL-CIO,

       Defendants.


## ORDER GRANTING MOTION TO WITHDRAW

THIS MATTER is before the Court on plaintiff Krisanne Haskew's attorneys' Opposed Motion to Withdraw, filed June 18, 2020.   Doc. 61.[1]   Defendant Southwest Airlines Co. ("Southwest") does not oppose the motion.   *Id.* at 1.   Ms. Haskew, however, does oppose the motion and filed her objections to the motion on July 2, 2020.   Doc. 63.   Having reviewed the submissions of the parties, the Court finds a reply is not necessary, and it will GRANT the motion.

In their motion, plaintiff's counsel, Jamison Barkley and McKenzie St. Denis, request that the Court grant them leave to withdraw from representation of Ms. Haskew on the grounds that Ms. Haskew "insists on taking action that her attorneys have a fundamental disagreement [with] and representation has been rendered unreasonably difficult by the client."   Doc. 61 at 1.   Plaintiff has filed a complaint with the disciplinary board regarding her disagreements with her counsel.   *Id.*; Doc. 63 at 3.

---#

[1] Ms. Haskew's counsel previously filed a motion to withdraw on June 5, 2020.   Doc. 59.   The Court denied that motion without prejudice for failure to comply with the Local Rules.   Doc. 60.

Nevertheless, plaintiff disagrees that there is a fundamental disagreement.   Doc. 63 at 1.   She further

contends that because she signed a contingency fee agreement, "it will be nearly, if not impossible for

me to find competent replacement counsel on a contingency fee basis.   And I [cannot] afford to hire

new counsel on an hourly basis."   Doc. 63 at 3.   Additionally, she argues that "[i]f a lien were to be

placed on my case it would more certainly be impossible to find replacement counsel."   *Id*.

Typically, the Court has wide discretion in granting or denying an attorney's motion to withdraw

as counsel.   *See Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, *2 (10th Cir. April 14, 1999)

(unpublished) (citing *Washington v. Sherwin Real Estate, Inc*., 694 F.2d 1081, 1087 (7th Cir. 1982)).

"Attorneys are normally expected to represent their clients until the completion of a case.   An attorney

may only withdraw by leave of the court, and only upon a showing of good cause."   *Leaton v. Navajo

Refinery*, 2011 WL 13262486, at *2 (D.N.M. Feb. 24, 2011) (internal citations omitted).

In determining whether Mr. Barkley and Ms. St. Denis may withdraw, the Court looks to both

the New Mexico Rules of Professional Conduct and the American Bar Association ("ABA") Model

Rules of Professional Conduct for guidance.   *See Leaton*, 2011 WL 13262486, at *1 (citing *Hakim v.

Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005) ("Codes of Professional Conduct . . . and the [A.B.A]

Model Code guide our assessment of whether 'good cause' to withdraw exists.")).   Both the New

Mexico and the ABA rules provide for permissive withdrawal if "the client insists upon taking action

that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement."   NMSA

§ 16-116(B)(4); A.B.A. MODEL RULES OF PROF'L CONDUCT R. 1.16(b)(4).   Both Rules further allow for

an attorney to withdraw when "other good cause for withdrawal exists."   NMSA § 16-116(B)(7);

A.B.A. MODEL RULES OF PROF'L CONDUCT R. 1.16(b)(7).

Despite Ms. Haskew's opinion to the contrary (Doc. 63 at 1), it is clear that there is a

fundamental disagreement between her and her attorneys.   As Ms. Haskew herself explains, "[a]fter

2

many discussions [Mr. Barkley and Ms. St. Denis] insisted that my options were either agree [with them] and allow them to dismiss [certain] claims or I was to seek new counsel."   Doc. 63 at 2.   Ms. Haskew asked her attorneys to refile her disability discrimination claim, which they refused to do since it had been dismissed.   *Id*.   Further, she contends that her attorneys "continually avoid answering important questions I have repeatedly asked.   They have insisted that they know how the judge will rule which has devalued my case.   I am greatly disappointed and feel that they are attempting to defame my character by stating that I am a difficult client."   *Id*. at 3.   Finally, Ms. Haskew has filed a complaint against her attorneys with the disciplinary board.   *Id*.   The fundamental disagreements between Ms. Haskew and her attorneys establishes good cause to grant the motion to withdraw.

> Although the Court has found good cause to grant the motion to withdraw,
>
> it is incumbent on the court to ensure that the prosecution of the lawsuit is not unduly disrupted by the withdrawal of counsel.   Such a determination involves consideration of several factors, including the extent to which the withdrawal will disrupt or delay a case, and whether the withdrawal will prejudice opposing parties.

*Leaton*, 2011 WL 13262486, at *2 (internal citations omitted).   Both of these factors weigh in favor of allowing Mr. Barkley and Ms. St. Denis to withdraw.   There are no pending motions aside from the motion to withdraw.   *See generally* Docket 1:19-cv-00732-JAP-LF.   There are no hearings set in this matter and there is no trial date.   *Id*.   The Court has stayed discovery and Ms. Haskew's attorneys moved to withdraw before new case management deadlines could be reset.   *See* Docs. 51, 58, 62.   The case will not be unduly disrupted by the attorneys' withdrawal.   Also, the Court will allow Ms. Haskew a reasonable amount of time to obtain counsel which will only cause a short delay, and will not interfere with discovery or case management deadlines because discovery deadlines have not been set.   Finally, defendant Southwest will not be prejudiced by counsels' withdrawal, and it does not oppose counsel's motion.   Doc. 61 at 1.

3

Ms. Haskew argues that she believes her interests will be materially adversely affected if her counsels' request to withdraw is granted.   Doc. 62 at 3.   She further argues that she signed a contingency fee agreement with counsel, and it will be impossible for her to find a competent replacement on a contingency fee basis.   *Id*.   She cannot afford to pay a new attorney on an hourly basis.   *Id*.   Finally, Ms. Haskew contends that if a lien is placed on her case, that would make it impossible for her to find replacement counsel.   *Id*.   Ms. Haskew has not established a basis for these conclusory statements.   She does not explain what actions she has taken or attempts she has made to find replacement counsel.   I find that, at this point in the case, counsel's withdrawal will not materially adversely affect Ms. Haskew.   The Court will give Ms. Haskew a reasonable amount of time to find replacement counsel.

IT IS THEREFORE ORERED that Mr. Barkley's and Ms. St. Denis' Opposed Motion to Withdraw, filed June 18, 2020 (Doc. 61), is GRANTED.   Counsel are ordered to return to Ms. Haskew the "original paper file and thumb drive" that Ms. Haskew provided to them although counsel may retain copies of whatever is necessary to respond to the disciplinary complaint against them and/or comply with their business and ethical responsibilities.   The Court will make no ruling on the fee agreement between the parties, or whether counsel may seek to enforce that fee agreement.

IT IS FURTHER ORDERED that absent a written motion showing good cause for an extension, Ms. Haskew will have through August 10, 2020, to obtain new counsel.   If a replacement counsel does not enter an appearance on or before August 10, 2020—including any extensions granted by the Court— Ms. Haskew will proceed pro se.

IT IS FURTHER ORDERED that the clerk **mail** and **email** a copy of this order to plaintiff Krisanne Haskew at the following address provided by her attorneys:

Krisanne Haskew
4716 Basin Creek Trail NW
Albuquerque, NM 87120
(505) 269-6400
swa@aol.com

Laura Fashing
United States Magistrate Judge