IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISANNE HASKEW,

        Plaintiff,

vs.                                            1:19-cv-00732-JAP-LF

SOUTHWEST AIRLINES CO. and
IAM AIR TRANSPORT DISTRICT 142,
a/k/a DISTRICT LODGE 142 OF THE
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS AFL-CIO,

        Defendants.

## ORDER DENYING MOTION FOR CONTEMPT

THIS MATTER comes before the Court on plaintiff Krisanne Haskew's Motion [for] Contempt of Court, filed July 15, 2020.   Doc. 66.   Ms. Haskew's former attorneys, McKenzie St. Dennis and Jamison Barkley, filed their response on July 21, 2020.   Doc. 67.   Ms. Haskew did not file a reply and the time to do so has passed.   D.N.M.LR-Civ.7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response.").

The Court may find a party in civil contempt and impose sanctions to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court order.   *O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir.1992); *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998) ("When the primary purpose of a contempt motion is to seek compliance with a court order, the proceeding is remedial in nature and is, therefore, a civil contempt."); *McComb v. Jacksonville Paper Co*., 336 U.S. 187, 191 (1949) ("Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by

reason of noncompliance."). The movant must prove civil contempt by clear and convincing evidence. *O'Connor*, 972 F.2d at 1210. "A district court has broad discretion in using its contempt power to require adherence to court orders." *O'Connor*, 972 F.2d at 1209.

In her motion, Ms. Haskew contends that her former attorneys failed to return her original paper file and thumb drive that she provided to them in violation of this Court's order of July 10, 2020 (Doc. 64). Doc. 66 at 1. In their response, Ms. St. Dennis and Ms. Barkley explain that although they were unable to return the complete file on July 14, 2020, the day Ms. Haskew visited their offices and requested her file, Ms. Haskew's entire file and thumb drive was returned to her on July 16, 2020. Doc. 67 at 2.

While the Court ordered Ms. St. Dennis and Ms. Barkley "to return to Ms. Haskew the 'original paper file and thumb drive' that Ms. Haskew provided to them . . .," the Court's order did not set a deadline for them to return the materials. Doc. 64 at 4. Ms. Haskew complains that her former counsel did not return the paper file and thumb drive on July 14, 2020. Doc. 66. She does not dispute, however, that Ms. St. Dennis and Ms. Barkley returned her entire paper file and thumb drive on July 16, 2020—less than 10 days after the Court ordered the materials returned. *See* Doc. 64. Ms. St. Dennis and Ms. Barkley fully complied with the Court's order on July 16, 2020. Ms. Haskew has failed to establish by clear and convincing evidence that Ms. St. Dennis and Ms. Barkley violated the Court's order.

IT IS THEREFORE ORDERED that plaintiff Krisanne Haskew's Motion [for] Contempt of Court (Doc. 66) is DENIED.

*[signature]*
Laura Fashing
United States Magistrate Judge